The judge charged that the defendant was guilty, unless he struck to protect himself from bodily injury, by which it is understood he means, unless after receiving one blow it was necessary for him to strike in order to prevent another.
This, in cases of assaults and batteries, is fixing limits to the ground of defense, in my opinion, more narrow than the law contemplates, and I, therefore, with all deference, cannot concur with a majority of the Court. Our sturdy ancestors, "who built up the common law," did not require a man to turn and flee when he received a blow; he is allowed to return blow for blow, provided he does not give an excessive blow, such as was not called for by the occasion; and this, not exclusively upon the ground that it was necessary to protect himself on that particular occasion from further bodily injury, but because it is prompted by natural impulse, which originates in (217) the principle of self-protection, and tends to self-defense in general, by having it understood that our persons are not to be assaulted with impunity, but that, if assaulted, a blow will be given in return. If one pulls the nose of another, or strikes a dastardly blow from behind, and starts to run off, so as to make it manifest that there is no danger of his striking again, and is at the instant pursued and stricken as he deserves, no excess of force being used, can it be said the party who returns the blow is to be convicted for an assault and battery, and that he has no extrajudicial remedy in an emergency of the kind, because he had no reason to think that the assault would be repeated?
In cases of homicide the ground of self-defense is more narrow, because the blow returned is excessive; the party is therefore required to retreat to the wall and not to take life, unless it be necessary to save his own life or to avoid great bodily injury; but in homicide the law has provided a middle ground between conviction for murder and acquittal for self-defense — manslaughter. Hence the plea of self-defense is more restricted in homicide than in assault and battery, where there is no such middle ground; and the dividing line between conviction and acquittal in assaults and batteries takes in the middle ground on the side of acquittal. The authorities upon this question are less clear and distinct than might be supposed. Upon examination no direct authority can be found. In 1 East P. C., 406, it is laid down, son assault demesne is no excuse, if theretaliation be excessive and bear no proportion to the necessity or theprovocation received. So in 1 Hawk. P. C., ch. 60, sec. 23. Blackstone, in his Commentaries, 3 vol., page 3, in *Page 164 
treating of extra judicial remedies, puts down in the first place self-defense, and holds if one is attacked it is lawful to repel force by force, and the breach of the peace is chargeable (218) to him who gives the first blow, for the law in such cases respects the passions of the human mind and makes it lawful in him to do himself that immediate justice to which he is prompted by nature and which no prudential motive is strong enough to restrain. It considers that the future process of the law is by no means an adequate remedy.
From the general tone of the authorities I am led to the conviction that one who receives a blow is not restricted in self-defense so as to be allowed to strike only in order to protect himself from another blow, but may excuse, upon the ground of self-defense, a reasonable retaliation for the blow received, although it be manifest that the other party intends to give no other blow, and is allowed to do himself that immediate justice to which he is prompted by nature.
Had this been the case of two men, the law, in my opinion, would be clear for the defendant, but as the person stricken was a woman, and the reasoning upon which the law is founded does not so forcibly apply where the party giving the first blow is a female, I would willingly make a distinction, if any authority could be found for it.
PER CURIAM. Judgment affirmed.
Cited: Rogers v. Ratcliff, 48 N.C. 231; S. v. Dunn, 134 N.C. 663.
(219)